IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

IRVIN MORENO,

Petitioner,

vs.

RICHARD B. IVES,

Respondent.

Case No. 3:18-cv-00505-JR
OPINION AND ORDER

AIKEN, Judge:

On May 4, 2018, Magistrate Judge Russo filed her Findings and Recommendation ("F&R"), recommending that I deny petitioner Irvin Moreno's § 2241 petition for a writ of habeas corpus. The matter is now before me pursuant to 28 U.S.C § 636 and Federal Rule of Civil Procedure 72. I review *de novo* those portions of the F&R to which plaintiff filed objections. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); *Holder v. Holder*, 392 F.3d 1009, 1022 (9th Cir. 2004).

Relying on *Reeb v. Thomas*, 636 F.3d 1224 (9th Cir. 2011), Judge Russo concluded that this Court lacked jurisdiction to review the Bureau of Prison's ("BOP") determination that petitioner was ineligible for a sentence reduction upon completion of the residential drug abuse program ("RDAP"). In *Reeb*, the petitioner was kicked out of RDAP after "exhibiting disruptive

1 – OPINION AND ORDER

behavior in counseling sessions on several occasions[.]" 636 F.3d at 1225. The petitioner sought a writ of habeas corpus under 28 U.S.C. § 2241, requesting readmission to RDAP and the twelve-month sentence reduction that the BOP has discretion to award successful RDAP graduates. *Id.* at 1226; *see also* 18 U.S.C. § 3621(e)(2)(B). The Ninth Circuit dismissed the § 2241 petition, holding that it lacked jurisdiction to review the BOP's discretionary decision to expel the petitioner from RDAP. *Reeb*, 636 F.3d at 1228. That decision hinged on 18 U.S.C. § 3625, which unambiguously states that a decision under § 3621(e)(2)(B) is not subject to judicial review under the Administrative Procedures Act. *Id.*

In *Reeb*, the Ninth Circuit noted that federal courts retain authority to review BOP actions to determine whether the agency has exceeded its statutory authority. *Id.* In his objections to the F&R, petitioner asserts that he is raising that type of challenge. Petitioner's argument concerns the interplay between 18 U.S.C. § 3584(c), 18 U.S.C. § 3621(e)(2)(B), and 28 C.F.R. § 550.55(b)(5)(ii). 18 U.S.C. § 3584(c) requires "[m]ultiple terms of imprisonment ordered to run consecutively or concurrently" to "be treated for administrative purposes as a single, aggregate term of imprisonment." 18 U.S.C. § 3621(e)(2)(B) gives the BOP discretion to reduce a prison sentence following an inmate's successful completion of the RDAP program. Promulgated pursuant to the authority provided by that statute, 28 C.F.R. § 550.55(b)(5)(ii) makes an inmate ineligible for early release if he has a "current felony conviction for . . . [a]n offense that involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives[.]" *See Peck v. Thomas*, 697 F.3d 767, 772–73 (9th Cir. 2012) (holding that the BOP did not exceed its statutory authority in promulgating § 550.55(b)(5)(ii)).

Petitioner was serving a term of supervised release following a term of imprisonment for being a felon in possession of a firearm when he committed a controlled substance offense. He

2 – OPINION AND ORDER

was sentenced to six months for violation of the terms of his supervised release and sixty months for the controlled substance offense. Pursuant to § 3584(c), the BOP aggregated those sentences and treated them as a single sentence for administrative purposes. While incarcerated, petitioner completed RDAP. The BOP denied him a sentence reduction because it deemed the felon-in-possession conviction a "current" conviction under 28 C.F.R. § 550.55(b)(5)(ii), rendering petitioner ineligible for a reduction in his sentence.

Petitioner argues that the BOP "exceeded its statutory authority in interpreting" § 3584(c) to mean that both his firearm and controlled-substance convictions were relevant offenses under 28 C.F.R. § 550.55(b)(5)(ii). Obj. F&R 1. But the BOP did not exceed its authority under 28 U.S.C. § 3584(c); it did what the text of that statute unambiguously required by aggregating petitioner's sentences and treating them as a single sentence for administrative purposes. The BOP's interpreted 28 C.F.R. § 550.55(b)(5)(ii) to encompass both convictions underlying his aggregated sentence. But that interpretation, like the promulgation of § 550.55(b)(5)(ii) itself, was an exercise of discretion under 18 U.S.C. § 3621(e)(2)(B)—an act that this Court lacks jurisdiction to review. *Reeb*, 636 F.3d at 1228.

This Court's authority to review BOP decisions is constrained by Congress. Congress has expressly stated that a decision regarding individual eligibility for a post-RDAP reduction in sentence is not subject to judicial review. 18 U.S.C. § 3625.

I find no error in Judge Russo's reasoning. Accordingly, I ADOPT Judge Russo's F&R (doc. 4). Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (doc. 1) is DISMISSED for lack of jurisdiction. I decline to issue a Certificate of Appealability because petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

Dated this 26 day of June 2018.

_____
Ann Aiken
United States District Judge